UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 07-332-GWU

MINDY CREECH, PLAINTIFF,

VS.  **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

Mindy Creech brought this action to obtain judicial review of an unfavorable administrative decision terminating her Child's Supplemental Security Income (SSI) upon redetermination of her disabled status as an adult. The case is before the court upon cross-motions for summary judgment.

## LAW APPLICABLE TO CHILD'S SSI BENEFITS

As of 1996 <u>strict</u> standards for child's SSI claims were adopted. The Welfare Reform Act, P.L. No. 104-193, 110 Stat. 2105, provides that:

> An individual under the age of eighteen (18) shall be considered disabled for the purposes of this title if that individual has a medically determinable physical or mental impairment which results in marked and severe functional limitations, and which can be expected to result in death, or which has lasted, or can be expected to last for a continuous period of not less than 12 months.

Thus, a child's SSI claim can be granted now only if there is a "marked and severe functional limitation(s)." The impairment must meet, medically equal, or functionally

1

07-332  Mindy Creech

equal in severity one of the Listing of Impairments (LOI) found at 20 C.F.R. Part 404, Subpart P, Appendix 2.  20 C.F.R. § 416.924.

The implementing regulations require the agency to determine if the child's impairment(s) meet any LOI sections found at 20 C.F.R. Part 404, Subpart P, Appendix 1.  20 C.F.R. § 416.924.  If this step is not satisfied, the fact finder is required to consider limitation of specific functioning, broad areas of development or functioning, episodic impairments, and limitations related to medication effects to determine "functional equivalence" to the LOI.  20 C.F.R. § 416.926a.  Functional equivalence is established if the child has one area of extreme functional limitations (i.e., very serious interference with functioning) or two areas of marked limitation (i.e., serious interference with functioning).  Id.

## PERIODIC REVIEWS FOR DISABLED CHILDREN

The regulations provide for periodic review of continuing eligibility for Child's SSI benefits.  20 C.F.R. § 416.994a(a).

The agency first determines if there has been "medical improvement," or any decrease in the medical severity of the impairment(s) present at the time he was most recently determined to be entitled to benefits. 20 C.F.R. § 416.994(a)(1), (c).

Even if there is no medical improvement, benefits will be terminated if substantial evidence shows that based on new or improved diagnostic techniques or evaluations, the impairment is not considered as disabling as it once was, or

07-302 Mindy Creech

when substantial evidence demonstrates that any prior disability decision was in error. 20 C.F.R. § 416.994a(e).

A claimant's benefits may also be terminated due to improper activity or negligence on his part. 20 C.F.R. § 416.994a(f).

At any rate, once a claimant reaches 18 years of age, his claim becomes subject to a new redetermination under adult standards for disability, using the rules for determining initial eligibility, rather than any medical improvement standard. 20 C.F.R § 416.987 (2002).

## THE ADULT STANDARDS FOR DISABILITY

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

3

5.    Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. <u>See</u> 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.    Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. <u>See</u> 20 C.F.R. 404.1520(e), 416.920(e).

7.    Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

<u>Garner v. Heckler</u>, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. <u>Jones v. Secretary of Health and Human Services</u>, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. <u>Garner</u>, 745 F.2d at 387.

07-302 Mindy Creech

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. § 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

5

07-302 Mindy Creech

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

07-302  Mindy Creech

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case.  Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting

7

07-302  Mindy Creech

most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ."  Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid.  In such cases, the agency may be required to consult a vocational specialist.  Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert

accurately portrays the plaintiff's physical and mental impairments.  <u>Varley v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The procedural history reveals that Creech was awarded Child's SSI in a decision dated July 28, 1997.  (Tr. 78).  In 2005, having attained the age of 18, the claimant underwent a review of her disability status under the adult standards pursuant to 42 U.S.C. § 1382c.  (Tr. 14).  The plaintiff was found not to be disabled under the adult disability standards and this appeal was taken to federal district court.

In the redetermination decision, the Administrative Law Judge (ALJ) concluded that Creech, an 18-year-old girl with a high school education and no past relevant work history, suffered from impairments related to an anxiety disorder and a dependent personality disorder.  (Tr. 16, 20).  Despite the plaintiff's impairments, the ALJ determined that she retained the residual functional capacity to perform a restricted range of medium level work.  (Tr. 18).  Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled.  (Tr. 20-21).  The ALJ based this decision, in large part, upon the testimony of a vocational expert.  (Tr. 21).

After review of the evidence presented, the undersigned concludes that the administrative decision is not supported by substantial evidence.  However, the current record also does not mandate an immediate award of SSI.  Therefore, the

court must grant the plaintiff's summary judgment motion, in so far as it seeks a remand of the action for further consideration, and deny that of the defendant.

The hypothetical question presented to Vocational Expert William Ellis included an exertional restriction to medium level work reduced from a full range by such non-exertional restrictions as a limitation to simple instructions requiring object-focused work settings and an ability to adapt to changes and pressures in a routine work setting. (Tr. 940-941). In response, Ellis identified a significant number of jobs in the national economy which could still be performed. (Tr. 941). The ALJ then added restrictions concerning an inability to ever have public contact and an inability to more than occasionally have contact with supervisors and co-workers. (Id.). The witness testified that the available job base would be reduced by approximately 10 percent, but that a significant number of jobs would remain available. (Id.). The ALJ relied upon this information to support the administrative decision.

Dr. Shahzad Shahmalak treated Creech for her mental problems at Baptist Regional Healthcare. Dr. Shahmalak identified extremely severe mental limitations, rating the plaintiff's ability in most areas of functioning as "fair," defined as "the ability to function in this area is seriously limited but not precluded." (Tr. 898-900). When these restrictions were presented to Ellis, he could not name any jobs which would remain available. (Tr. 942-943). The ALJ rejected Dr. Shahmalak's restrictions as binding. (Tr. 19). The ALJ cited a number of reasons for making this decision including the fact that the very severe mental limitations appeared

07-302  Mindy Creech

unsupported by the doctor's own report or those of other mental health professionals of record. (Id.). The ALJ noted that Dr. Shahmalak rated the claimant's Global Assessment of Functioning (GAF) at 60. (Tr. 19, 895). Such a GAF suggests the existence of only "moderate" psychological symptoms, according to the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders (4th Ed.--Text Revision), p. 34. Therefore, under these circumstances, the court finds that the ALJ acted appropriately in rejecting as binding Dr. Shahmalak's mental limitations. Nevertheless, this opinion does not support the administrative decision.

Psychologist Kenneth Starkey examined Creech and diagnosed an anxiety disorder and dependent personality traits. (Tr. 735). Starkey opined that the plaintiff would have a "marginal" ability to relate to others and a "marginal to poor" ability to tolerate the stresses and pressures of work activity. (Id.). The ALJ purported to give this opinion "great weight." (Tr. 20). However, the restriction concerning the stresses and pressure of work activity appears to be more serious than that presented in the hypothetical question. Thus, this opinion also does not support the administrative decision.

Psychologists Edward Stodola (Tr. 881-885) and Stephen Scher (Tr. 886-888) each reviewed the record and opined that Creech would be "moderately limited" in her ability to maintain attention and concentration for extended time periods, perform activities within a schedule, maintain regular attendance and be

07-302  Mindy Creech

punctual within customary tolerances, interact appropriately with the general public and respond appropriately to changes in the work setting.  These restrictions also appear more severe than those presented to the ALJ, particularly with regard to maintaining attention and concentration and performing activities within a schedule.  Therefore, these reports also do not support the administrative decision.

In summary, while Dr. Shahmalak's restrictions were not well-supported in the record, Starkey and the reviewers all identified the existence of more severe mental limitations than those presented in the hypothetical question.  These opinions are not clearly contradicted by those of another mental health professional.  Therefore, the hypothetical question did not fairly depict Creech's condition as required by Varley and, so, substantial evidence does not support the administrative decision.  A remand of the action for further consideration is required.  A separate judgment and order will be issued simultaneously consistent with this opinion.

This the 18th day of June, 2008.

**Signed By:**

*G. Wix Unthank*

**United States Senior Judge**